[No. 639.  Decided July 20, 1892.]

THE STATE OF WASHINGTON, *on the Relation of S. B. Dusin-*
*berre and H. G. Rowland,* v. EDWARD F. HUNTER, *Judge*
*of the Superior Court of Lewis County.*

MANDAMUS TO COURTS—ENTRY OF JUDGMENT—INSUFFICIENCY OF APPLI-
CATION.

An alternative writ of *mandamus* to compel a judge to enter judg-
ment will not be granted when it appears from the application that
the judge will proceed to hear and determine the action at the next
session of court.

The writ will not be granted when the application therefor shows
that service was had upon defendant by publication, and fails to
show that such proofs had been offered before the court as to author-
ize an entry of judgment.

*Mandamus* will not lie to compel action on the part of an inferior
court until it is made clearly to appear that such inferior court has
been regularly and properly moved to take the required action, and
has unwarrantably refused to act.

*Original Application for Mandamus.*

*H. G. Rowland,* for relator.

*Edward F. Hunter,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The application for the alternative writ of
*mandamus* must be denied, for two reasons: *First,* Be-
cause it does not appear from the papers upon which the
application is founded, that anything will be gained by its
issuance.   From such papers it appears that action is re-
quired of the court when sitting as such in the county of
Lewis.   It further appears that the judge will not be hold-
ing court in that county again until the October session
thereof, and hence could not proceed in obedience to the
alternative writ, or the peremptory one which might be

thereafter issued, until that time.    It also appears from the application, by fair inference, that the judge, without the interposition of this court, will proceed to hear and determine the action at said October session.    He will thus voluntarily do all that this court could properly require him to do.    *Secondly,* The papers upon which said application is based, show affirmatively that service was had upon defendant by publication, and failed to show that such proofs had been taken or offered before the court as to authorize an entry of judgment as prayed in the complaint. The only proof offered, as shown by such application, was the original note and mortgage upon which the action was brought, without any proof of their authenticity, and without any offer on the part of the plaintiff, or any one in his behalf, to be sworn respecting any payments that may have been made on said note and mortgage to him or any one for his use on account thereof, as required by subdivision 3 of § 412, Code Proc.    It follows that the plaintiff had not entitled himself to judgment, and as there is no motion for default separate from that for judgment, the court was justified in refusing to grant the motion.

It does not affirmatively appear from said application that the court was ever asked to simply enter the default of the defendant.    *Mandamus* will not issue to compel action on the part of an inferior court until it is made clearly to appear to this court that such inferior court has been regularly and properly moved to take the required action, and has unwarrantably refused to act.    And, further, that the issuance of such writ will probably result in some substantial benefit to the party moving for it.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

DUNBAR, J. (*dissenting*).—I dissent.    I think the application shows that the court was asked to enter default against the defendant.    The plaintiff was entitled to his de-

fault, and it seems to me that it was pure captiousness on the part of the judge to refuse to grant it; and that he should be compelled to do so.