[No. 7871.  Department Two.  November 9, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CARROLL, *Appellant*.[1]

CRIMINAL LAW—VENUE—RIGHT TO TRIAL BY JURY OF VICINAGE. Bal. Code, § 6791, providing that when property taken by burglary, etc., in one county has been brought into another county, the jurisdiction is in either county, violates Const., art. 1, § 22, providing that the accused shall have the right to a trial by a jury of the county in which the offense is alleged to have been committed; and a demurrer should be sustained to an information for burglary committed in one county, filed in another county into which the property was alleged to have been taken.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 28, 1908, upon a trial and conviction of the crime of burglary.  Reversed.

*McBurney & Cummings*, for appellant.

DUNBAR, J.—This is an appeal from a judgment of the superior court for King county, upon a trial and conviction for the offense of burglary.  The information was as follows:

"They, said James Ryan, alias James Bain, and John Carroll, and each of them, in the county of San Juan, state of Washington, on the 20th day of January, A. D. 1908, the dwelling house of one Hulen Adkinson and one H. Hori, the same being that certain stateroom numbered 20 on that certain ship or steamboat known as the Steamship Ramona, and being a place or building in which goods and valuable things were then and there kept for use and deposit, did then and there wilfully, unlawfully, feloniously, and burglariously break and enter, with intent then and there to commit a felony or misdemeanor, and did then and there, and in the commission of said burglary, the sum of $9 in lawful money of the Dominion of Canada, of the value of $9 in lawful money of the United States, and the sum of $1 lawful money of the United States, all of the total value of $10 in lawful money of the United States, the property of said Hulen Adkinson, take, steal and carry away, and said James Ryan

[1]Reported in 104 Pac. 814.

alias James Bain and John Carroll, and each of them did thereafter on said 20th day of January, A. D. 1908, bring into the county of King, in said state of Washington, said property so taken in the commission of said burglary."

This information was demurred to, the demurrer was over-ruled, the case was tried by a jury, verdict of guilty was found, motion for new trial was overruled, judgment was entered, and sentence pronounced to a term in the penitentiary.

The demurrer to this information should have been sustained. The information charged specifically the crime of burglary. The jury found that the defendant was guilty of burglary, the judgment of the court was that the defendant was guilty of the crime of burglary, and he was sentenced for the crime of burglary. The statement in the information, that the defendants thereafter brought into the county of King the property so taken in the commission of said burglary, does not affect the character of the information or the crime charged, and was evidently added simply to bring the case within the jurisdiction of the county of King, under the statute, Bal. Code, § 6791 (P. C. § 2014), which is as follows:

"When property taken in one county by burglary, robbery, larceny, or embezzlement has been brought into another county, the jurisdiction is in either county."

It is the contention of the appellant that this statute is unconstitutional by reason of its being obnoxious to § 22, of article 1, of the constitution of the state of Washington, which is as follows:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed."

In this case the offense was alleged to have been committed in San Juan county, and the appellant was deprived of the constitutional guaranty that he should have a trial by an impartial jury of the county in which the offense was alleged to have been committed. It is true that, in cases of larceny, courts have generally held that the defendant could be tried either in the county where the offense was committed or in the county to which the goods had been removed. But this is upon the theory that each asportation of the stolen property constitutes a new theft, thereby making the crime a continuing crime. The rule is thus announced in a note to 9 Am. & Eng. Ann. Cases, p. 615:

"In the absence of any provision in the constitution of the state that an offender is entitled to be indicted and tried in the county in which the offense has been committed, it has been held, as in the reported case, that it is competent for the legislature to enact a law providing that an offender may be prosecuted, in the first instance, in a county other than the one in which the offense has been committed. . . But where the constitution of the state provides that the accused in a criminal case is entitled to a trial by an impartial jury of the county in which the offense has been committed, it has generally been held that a statute giving jurisdiction of a prosecution to the courts of a county other than that in which the offense has been committed is void as denying to the offender the constitutional right of a trial in his county or vicinage."

In 12 Cyc. 234, it is said:

"The offense of burglary is committed in the county where the party breaks and enters, and, where the constitution guarantees to the accused a trial in the county where the offense was committed, the legislature cannot authorize prosecution for burglary in a county in which it was not committed, but into which the accused may have carried property stolen at the time of the burglary."

In *State v. McGraw*, 87 Mo. 161, under a constitutional provision similar to ours, it was held that the general assembly could not, under the constitution, authorize a prosecu-

tion for burglary in a county other than the one in which the crime was committed.

By reason of the conclusion we have reached on this assignment, it is not necessary to discuss the other assignments set forth in the brief. The judgment will be reversed, with instructions to sustain the demurrer to the information.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.