[No. 9921.   Department One.   October 28, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Eric Skamser, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

PROHIBITION—WHEN LIES—REMEDY BY APPEAL.   Prohibition does not lie to prevent further proceedings in a cause, after denial of a petition to vacate a default; since there is an adequate remedy by appeal, and appellant's failure to avail himself of the remedy by appeal and supersedeas does not affect the adequacy thereof.

Application filed in the supreme court October 2, 1911, for a writ of prohibition directed to the superior court for Pierce county, Clifford, J., prohibiting further proceedings in a cause.   Denied.

*W. B. Osbourn,* for relator.

*Garvey, Kelly & MacMahon,* for respondent Forsyth.

¹Reported in 118 Pac. 344.

PER CURIAM.—This is an application by the relator for a writ of prohibition, asking that Judge Clifford of the superior court of Pierce county be prohibited from proceeding in the case of McGarvey v. Eric Skamser, for the reason, as is alleged, that the court is acting without jurisdiction. The plaintiff in that action had taken a default judgment against the defendant. This action is based upon the refusal of the court to grant the defendant's (relator's) petition to set aside the judgment, and to prohibit him from taking any subsequent action in the case.

It is not necessary to enter into a discussion of the merits of this case or of the alleged errors of the court; for if there is any doctrine that is settled by the decisions of this court since the decision in the case of *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933, it is that the writ of prohibition and similar writs will not issue when there is an adequate remedy by appeal. It is not contended by the relator that the denial of the motion to vacate a judgment is not an appealable order. In fact, the accompanying record in this case shows that the relator has appealed from the action of the court in denying the motion to vacate. But it is claimed that the appeal is not adequate because no stay bond was given on such appeal. If a stay bond was given, it would be a sufficient protection against any subsequent action of the court, and the question of the court's jurisdiction would be determined on the appeal. If the stay bond was not given, it will not avail the relator, for he cannot demand the right to this extraordinary writ by reason of the fact that he did not avail himself of the remedy by appeal, which was open to him under the law. The court had already acted on the other matters complained of before the writ of prohibition was asked for.

The writ will therefore be denied.