[No. 10266.    Department Two.    April 30, 1912.]

THE STATE OF WASHINGTON, *on the Relation of the City of Bremerton, Plaintiff*, v. JOHN B. YAKEY, *Judge of the Superior Court for Kitsap County, Respondent*.[1]

MANDAMUS—TO COURTS—NECESSITY—TRIAL—DISQUALIFICATION OF JUDGE. A writ of mandamus to compel the judge of the superior court to request the governor to call another judge to hear causes in which the trial judge is disqualified will not be issued where it appears that the trial judge has from time to time called other judges, so that litigants and attorneys have not been inconvenienced, and where, since the alternative writ was issued, he has called in another judge so that the controversy has ceased.

Application filed in the supreme court March 29, 1912, for a writ of mandate to the superior court for Kitsap county, Yakey, J., to require a call for another judge to hear certain causes. Denied.

[1]Reported in 123 Pac. 13.

*Bryan & Ingle*, for relator.

*Vince H. Faben*, for respondent.

PER CURIAM.—This is an original application for a writ of mandate to require the respondent to request the governor of the state of Washington to call another judge of the superior court of the state to Kitsap county, to hear and try certain cases, pending in the superior court for that county, wherein it is claimed the respondent is disqualified to act as trial judge. The respondent has made a very full and complete return to the alternative writ; and upon a careful consideration of the same, we are satisfied that the litigants and attorneys in the superior court for that county have not been seriously delayed or inconvenienced for lack of judges to try their causes. It appears that, from time to time, judges from other counties have been called by the respondent and that there has been no real necessity to apply to the governor to designate any judge for the purpose. Moreover, it is admitted by the relator's reply to the respondent's return that the matter in controversy no longer exists, and that since the issuance of the alternative writ, a judge from another county has, on the request of the respondent, held court in Kitsap county, and that the trial calendar of the superior court for that county is now practically clear.

The alternative writ is discharged, and the proceeding dismissed.