[No. 10715.    Department One.    October 4, 1912.]

THE STATE OF WASHINGTON, *on the Relation of James A. Moore, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

VENUE—CHANGE OF VENUE—PREJUDICE OF JUDGE—COURTS—JURIS-DICTION. The act, Laws 1911, p. 617, requiring a change of venue on the filing of an affidavit of prejudice of the trial judge, is impera-tive, and with the transfer the court acquires full jurisdiction to determine all questions as to where the case shall be tried.

PROHIBITION—TO COURTS—SCOPE—REMEDY BY APPEAL. Prohibi-tion does not lie to prevent the trial of an action by a court to which a change of venue is taken on account of prejudice of the judge; since the court acquired jurisdiction and there is an adequate rem-edy by appeal.

Application for a writ of prohibition, filed in the supreme court September 23, 1912, to restrain the superior court for King county, Albertson, J., from proceeding with the trial of a cause. Denied.

*Scott Calhoun,* for petitioner.

*Bausman & Kelleher,* for respondent.

PER CURIAM.—This case was transferred from Jefferson county to the county of King under the act of 1911. Laws 1911, p. 617. The affidavit for the change was based upon the prejudice of the trial judge, and venue was changed upon that ground. When the case came on for hearing in the superior court of King county, the plaintiff, the relator here, denied the right of the court to proceed, insisting that the case should be remanded to Jefferson county until such time as the question of the prejudice of the judge, the char-acter of the action, and the convenience of witnesses could be heard and determined in that court. Relator's objection to a trial in the superior court of King county having been overruled, he comes here, asking for a writ of prohibition.

[1]Reported in 126 Pac. 926.

The statute of 1911 has been construed by this court in *Garvey v. Skamser,* 69 Wash. 259, 124 Pac. 688; *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, and *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265, to be imperative. With the change of venue, the superior court of King county acquired full and complete jurisdiction, and if for any cause the case should not be tried in King county, the statutory remedies for changing the venue are still open to the relator.

Moreover, we are of opinion that prohibition is not a proper remedy in this case. The superior court of King county having jurisdiction, all questions going to procedure or the merits of the case can be raised upon appeal. *State ex rel. Port Orchard Inv. Co. v. Superior Court,* 31 Wash. 410, 71 Pac. 1100; *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. La Furgey v. Superior Court,* 47 Wash. 154, 91 Pac. 639; *State ex rel. Skamser v. Superior Court,* 65 Wash. 457, 118 Pac. 344.

The writ is denied.