[No. 13148. Department Two. November 29, 1915.]

THE STATE OF WASHINGTON, *on the Relation of J. N. Howard, Plaintiff,* v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *Respondent.*[1]

CRIMINAL LAW—VENUE—CONSTITUTIONAL RIGHT—JURY OF VICINAGE. Under Const., art. 1, § 22, providing that in criminal prosecutions the accused shall have the right to trial by a jury in the county in which the offense is committed, a change of venue to another county cannot be had over the objection of the accused.

SAME—VENUE—CONSTITUTIONAL RIGHT—WAIVER—JUDGES—CHANGE —BIAS—STATUTES. An affidavit for a change of judges on account of bias, under 3 Rem. & Bal. Code, § 209-1, does not waive the constitutional right of an accused to a trial by a jury of the county in which the crime was committed; notwithstanding the statute provides that, on an application for change of judges, the trial judge may transfer the action to another department, or call in a new judge, or apply to the governor to send another judge, or "send the case for trial to the most convenient court;" since the last clause must be construed to apply only when the accused expressly consents to be tried in another county.

Application filed in the supreme court October 18, 1915, for a writ of prohibition to prevent the superior court for Pacific county, Edward H. Wright, J., from granting a change of venue in a prosecution for burglary. Granted.

*Geo. D. Abel, W. H. Abel,* and *John T. Welsh,* for relator.

*The Attorney General* and *John M. Wilson, Assistant,* for respondent.

*H. E. Donohoe* and *C. D. Cunningham,* for defendant Rice.

PARKER, J.—The relator seeks, by prohibition in this court, to prevent the superior court of Pacific county from transferring to the superior court of Lewis county for trial a case pending against him in the superior court of Pacific county, wherein he is charged, with others, by indictment,

[1]Reported in 153 Pac. 7.

with the crime of burglary in the second degree, alleged to have been committed in Pacific county.

The relator filed in the case in the superior court of Pacific county his affidavit of prejudice against the resident presiding judge of the superior court of Pacific county, complying in all respects with the provisions of ch. 121, page 617, Laws of 1911 (3 Rem. & Bal. Code, § 209 *et seq.*), stating that "he cannot have a fair and impartial trial before such judge," and praying "that the judge of some other superior court of Washington be called in to try every and all proceedings in the said cause." This affidavit and application being presented to the resident presiding judge, he announced his decision to transfer the case for trial to the superior court of Lewis county. Thereupon counsel for the relator protested against the transfer of the case for trial to another county, claiming the constitutional right in relator's behalf to have the case tried in the superior court of Pacific county, that being the county in which the offense is alleged to have been committed.

Section 22, article 1 of our constitution provides:

"In criminal prosecutions, the accused shall have the right to . . . have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, . . ."

That an accused has, by this constitutional provision, the right to be tried in the county in which the offense is alleged to have been committed, seems too plain for argument. It was so held in *State v. Carroll*, 55 Wash. 588, 104 Pac. 814, 133 Am. St. 1047. It is not seriously contended to the contrary; but the real contention is that the relator has waived this right by having made an application for a change of judge because of the prejudice of the resident presiding judge of the superior court of Pacific county. It must, of course, be conceded that an accused may waive this right, and that he does so when he asks a change of venue. This, however, is not an application for a change of venue, but only an ap-

plication of the accused to be tried before another judge, which, under our system of interchange of trial judges, can be readily accomplished without any change of venue.

It is contended by the *Attorney General*, appearing in behalf of the superior court of Pacific county, that an application for a change of judge, made under the act of 1911 above noticed, is in effect an election to submit to a trial in another county, providing the resident presiding judge so decides. This contention is rested upon the following provision of that act:

"In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge, to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court." Laws 1911, ch. 121, p. 617, § 1 (3 Rem. & Bal. Code, § 209-1).

This seems to give to the resident presiding judge the power to dispose of the application for change of judge in either one of four ways, the latter of which is that "he may send the case for trial to the most convenient court." This, however, is not a case in which there can be ordered a change of venue except by express consent of the accused. We do not think the accused is bound to waive his constitutional right of being tried in the county in which the offense is alleged to have been committed in order to avail himself of the right to challenge the resident presiding judge because of his prejudice. To hold otherwise would compel the accused to forego this constitutional right in order that he might secure trial before a judge free from prejudice. In view of this positive constitutional guaranty, we feel constrained to construe the language of the act of 1911, above quoted, as meaning no more than that the resident presiding judge may "send the case for trial to the most convenient court" only when the accused expressly consents to be tried in a county other than

. the one "in which the offense is alleged to have been committed." We think the act is readily susceptible to this interpretation, and that any other would impute to the legislature an intent to violate at least the spirit of the constitution. This, of course, we will avoid when possible.

Some contention is made rested upon §§ 2018 and 2019, Rem. & Bal. Code (P. C. 135 §§ 1155, 1157), relating to change of venue. We think, however, those sections have no application to the problem here for solution, since the relator has not asked for a change of venue and has not thereby waived the constitutional right which he here invokes.

We are of the opinion that the relator is entitled to be tried in the superior court of Pacific county, the county in which the offense is alleged to have been committed, and that he has not waived his right in that respect by making his application for change of judge in pursuance of the act of 1911, above noticed. We conclude that he is entitled to a writ of prohibition against the superior court of Pacific county preventing it from removing the cause to Lewis county for trial.

Several other persons accused jointly with the relator, Howard, are also relators in this proceeding. They are concededly in the same position and entitled to the same rights. We have treated Howard as the only relator, merely for the purpose of discussing the principle controlling. All the other relators are equally entitled to the relief prayed for.

A writ of prohibition will issue accordingly.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.