[No. 13112.   Department Two.   December 18, 1915.]

THE STATE OF WASHINGTON, *on the Relation of John I. O'Phelan, Prosecuting Attorney of Pacific County, Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *Edward H. Wright, Judge, Respondent*.[1]

JUDGES—BIAS—DISQUALIFICATION—SUBSEQUENT POWERS—CHANGE OF VENUE.   Under 3 Rem. & Bal. Code, § 209-2, requiring a judge, upon the filing of a timely application for a change of judges on account of bias, to (1) transfer the action to another department, (2) call in a judge from some other court, (3) apply to the governor to send a judge to try the case, or (4) send the action to another county for trial, a trial judge, after entering an order granting the state's application for change of judges, is disqualified from passing upon any issue in the case, and therefore cannot order a change of venue to another county on account of local prejudice, on defendant's pending application therefor (PARKER, J., dissenting).

CRIMINAL LAW—VENUE—RIGHT OF TRIAL BY JURY OF VICINAGE—WAIVER.   A change of venue to another county cannot be ordered under 3 Rem. & Bal. Code, § 209-2, unless the accused waives his constitutional right to be tried in the county in which the offense was alleged to have been committed.

Application filed in the supreme court October 1, 1915, for a writ of mandamus to compel the superior court for Pacific county, Edward H. Wright, J., to vacate an order changing the venue of an action.   Granted.

*G. Dolph Barnett, M. M. Richardson*, and *John I. O'Phelan*, for relator.

*A. C. Shaw*, for respondent.

MAIN, J.—This is an application for a writ of mandamus directed to the superior court for Pacific county, and the Honorable Edward H. Wright, as the judge thereof.

The facts upon the basis of which the writ must either issue or be denied are as follows: On July 9, 1915, there was pending in the superior court for Pacific county a cause en-

[1] Reported in 153 Pac. 1078.

titled, The State of Washington v. George Wheaton, Forrest Martin, and Frank Martin, in which the defendants named were charged with the crime of assault in the second degree.

On September 18, 1915, there was called to the attention of the trial judge a motion for a change of judge, supported by two affidavits, one by the prosecuting attorney, and the other by the prosecuting witness in the cause mentioned. These affidavits recited the prejudice of the judge against whom they were directed, as provided for in the Laws of 1911, p. 617, §§ 1, 2; 3 Rem. & Bal. Code, §§ 209-1, 209-2. The affidavits also recited that the convenience of witnesses and the ends of justice would be interfered with if the cause were transferred to another county for trial. Thereupon an order was entered which provided that "The state of Washington be granted another judge to try the above entitled action."

Previous to the entry of this order, and on August 16, 1915, the defendants had filed a motion for change of venue on the ground of local prejudice. This motion was supported by affidavits, and was controverted by a large number of affidavits on the part of the state. The motion made for change of venue by the defendants was at no time noted for hearing, and the same had at no time been heard or passed upon by the respondent or any other judge.

On September 28, 1915, ten days after the order granting a change of judge was entered, the trial judge, on his own motion, entered an order which changed the venue of the case to Lewis county. This order recited the making of the previous order, and the further fact that the defendants had waived their constitutional right to have the cause tried in the county wherein the offense was charged to have been committed. The order also recited that neither the convenience of witnesses nor the ends of justice would be interfered with by the transfer.

After the entry of the order changing the venue, this application was made for a writ of mandamus to require the

respondent to vacate and set aside the order changing the venue, for the reason that the respondent, after the affidavits of prejudice had been filed and the order entered granting a change of judge, had no power or authority to enter the subsequent order changing the venue.

If the respondent retained power to enter an order changing the venue after having entered the previous order for a change of judge, the writ should be denied. On the other hand, if the respondent had no power to enter the subsequent order, the writ must be granted.

It is not claimed that the affidavits of prejudice did not conform to the requirements of 3 Rem. & Bal. Code, § 209-2, to which reference has already been made. Where an affidavit of prejudice is filed under this law, and the same is timely, and in a proper manner called to the attention of the judge against whom it is directed, such judge is thereby disqualified from proceeding further with the case, except in the particulars mentioned in the statute. *State ex rel. Nelson v. Yakey*, 64 Wash. 511, 117 Pac. 265; *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40; *State v. Sefrit*, 82 Wash. 520, 144 Pac. 725; *Washoe Copper Co. v. Hickey*, 46 Mont. 363, 128 Pac. 584; *Murdica v. State*, 22 Wyo. 196, 137 Pac. 574.

Under the statute, when the affidavit is called to the attention of the judge, he may do one of four things: (a) Transfer the action to another department of the same court; (b) call in a judge from some other court; (c) apply to the governor of the state to send a judge to try the case; and (d) if the convenience of witnesses, or the ends of justice will not be interfered with, and the action is of such a character that a change of venue may be ordered, he may send the case for trial to the most convenient county.

In this case, there being but one department of the superior court for Pacific county, the cause could not be transferred to another department of the same court. As appears from the facts stated, when the affidavits were presented, an

order was entered granting a change of judge. Under this order the respondent had the power to do one of two things, either call in a judge from some other county of the state, or request the governor to send a judge. After having once acted and entered the order for a change of judge, we think the entering of the second order changing the venue was without authority.

In *State ex rel. Jenkins v. District Court of Second Judicial District*, 32 Mont. 595, 81 Pac. 351, the supreme court of Montana, under a statute which, so far as the present case is concerned, is similar to the statute of this state now under consideration, held that, where an order had been entered changing the venue to another county, a judge of a different department of the same court sitting in the department of the judge against whom the affidavit of prejudice was directed had no power to vacate the previous order changing the venue. The principle is no doubt the same whether the first order entered provides for the calling in of a judge or the change of venue. Under the rule first above stated, the calling of the affidavit to the attention of the trial judge worked a disqualification of his further proceeding with the cause, except so far as the statute authorizes such further proceeding. If the judge was disqualified to proceed, it is obvious that he would not have had the power to pass upon the motion made by the defendants for a change of venue had that matter subsequently been brought before him for a hearing. The determination of such a motion involves the exercise of a judicial discretion, and is the trial of an issue in the case. *Murdica v. State, supra; State ex rel. Jenkins v. District Court of Second Judicial District, supra.* When the order granting a change of judge was entered, the respondent was without power to transfer the cause to another county for trial, in the absence of a waiver by the defendants of their constitutional right to have the cause tried in the county in which the offense was alleged to

have been committed.   Const., art. 1, § 22; *State ex rel. Howard v. Superior Court, ante* p. 344, 153 Pac. 7.

In entering the second order, that of changing the venue to Lewis county, the trial judge of necessity passed upon the question whether the defendants had waived their constitutional right to have the case tried in Pacific county. The determination of this question involved the exercise of judicial judgment.   The judge who entered this order, having been previously disqualified by the presentation of an affidavit of prejudice, could not subsequently pass upon one of the issues in the case.   Had the respondent, at the time he entered the order for a change of judge, entertained the opinion that the venue of the case could be changed to another county without interfering with the convenience of witnesses or the ends of justice, and that the defendants had then waived their right to have the case tried in Pacific county, and had thereupon entered an order transferring the case to Lewis county for trial, a different question would be presented.   *State ex rel. Moore v. Superior Court,* 70 Wash. 362, 126 Pac. 926.   The determination of the issue as to local prejudice, if any exists, and the right to a change of venue for that reason, must be determined by the judge called in by the respondent to try the cause, or by a judge sent upon the application of the respondent by the governor.

The writ will issue, directing that the order of September 28, 1915, be vacated and annulled.

MORRIS, C. J., BAUSMAN, and HOLCOMB, JJ., concur.

PARKER, J. (dissenting)—I cannot concur in the view that Judge Wright exhausted his power in the premises when he entered the order granting to the state the right to have the cause tried by another judge, upon the affidavits of prejudice being called to his attention by the prosecuting attorney.   The method of placing the cause for trial before another judge was still a matter to be determined by Judge Wright.   This could be accomplished in one of two ways:

22—88 WASH.

(1) By calling another judge to Pacific county, or (2) by sending the cause to another county for trial. No one but the defendants could object to the latter. Manifestly they are not so objecting. Their motion for change of venue is of no moment here whatever, as I view it. It may serve as evidence of their consent, but that needs no evidence to show it in the absence of their objections. Therefore I dissent.