[No. 14027. Department Two. April 4, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Edgar Swan,*
*Plaintiff,* v. THE SUPERIOR COURT FOR CLARKE COUNTY,
*R. H. Back, Judge, Respondent.*[1]

VENUE—CHANGE OF VENUE—PREJUDICE OF JUDGE — DISCRETION—
MANDAMUS. Under Rem. Code, § 209-1, providing for a change of
judges upon the filing of an affidavit of prejudice, or in the alterna-
tive, that the judge may send the case for trial to the most con-
venient court if the convenience of witnesses is not interfered with,
it is discretionary in a civil action to change the venue to another
county, where there is no showing that the convenience of witnesses
will be interfered with; hence mandamus will not lie to control
such action by the trial judge.

Application filed in the supreme court March 5, 1917, for a
writ of mandamus to compel the superior court for Clarke
county, Back, J., to vacate orders changing the venue of
certain cases. Denied.

*Edgar Swan* and *Henry Crass,* for relator.
*James O. Blair* and *L. M. Burnett,* for respondent.

MOUNT, J.—This is an application for a writ of mandate
to require the judge of the superior court of Clarke county
to vacate certain orders changing the venue in three cases
from Clarke county to Cowlitz county for trial.

It appears that the relator is an attorney of record in
three cases which were pending in Clarke county. He filed
affidavits therein to the effect that the trial judge of Clarke
county was prejudiced against him, and that he could not
obtain a fair trial therein. There was no showing that the
convenience of witnesses required the trial of the cases in
Clarke county.

After the affidavits were called to the attention of the
judge of the superior court for Clarke county, he made or-

[1]Reported in 164 Pac. 62.

ders changing the venue of the cases, and recited in the
orders that the convenience of witnesses and the ends of
justice would not be interfered with thereby. The relator
now seeks, by this writ of mandate, to vacate the orders
changing the venue.

Some preliminary questions are presented by the respond-
ent which are not necessary to·be noticed, because we are
satisfied that the application for the writ should be denied
upon its merits. In the case of *State ex rel. Moore v. Su-
perior Court*, 70 Wash. 362, 126 Pac. 926, a like order was
made by the superior court of Jefferson county. When that
case came on for hearing in the superior court of King
county, the relator there denied the right of the court to pro-
ceed, and insisted that the case should be remanded to Jef-
ferson county until the prejudice of the judge, the character
of the action, and the convenience of the witnesses, could be
heard and determined in that court. We there held that:

"With the change of venue, the superior court of King
county acquired full and complete jurisdiction, and if for
any cause the case should not be tried in King county, the
statutory remedies for changing the venue are still open to
the relator."

The difference between this application and that is the
relator here is seeking to have the orders for change of venue
vacated, while in that case the relator sought to have the
case remanded from King county to Jefferson county.

The statute (Rem. Code, § 209-1) provides that:

"No judge of a superior court of the state of Washington
shall sit to hear or try any action or proceeding when it shall
be established, as hereinafter provided, that such judge is
prejudiced against any party or attorney, or the interest of
any party or attorney appearing in such cause. In such
case the presiding judge shall forthwith transfer the action
to another department of the same court, or call in a judge
from some other court, or apply to the governor to send a
judge, to try the case; or, if the convenience of witnesses or
the ends of justice will not be interfered with by such course,

and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court."

In *State ex rel. O'Phelan v. Superior Court*, 88 Wash. 669, 153 Pac. 1078, in construing this statute, we said:

"Under the statute, when the affidavit is called to the attention of the judge, he may do one of four things: (a) Transfer the action to another department of the same court; (b) call in a judge from some other court; (c) apply to the governor of the state to send a judge to try the case; and (d) if the convenience of witnesses, or the ends of justice will not be interfered with, and the action is of such a character that a change of venue may be ordered, he may send the case for trial to the most convenient county."

It appears that there is but one department of the superior court for Clarke county. Hence the trial court, when the affidavits were filed, might exercise its discretion upon one or the other of the three alternatives. There was no showing that the convenience of witnesses would be interfered with, and, for that reason, the court exercised its discretion and changed the venue to the most convenient county.

It is clear that the extraordinary writ of mandamus, or prohibition, will not lie to control the discretion of the trial court. *State ex rel. Port Blakely Mill Co. v. Superior Court*, 9 Wash. 673, 38 Pac. 155; *State v. Straub*, 16 Wash. 111, 47 Pac. 227.

In *State ex rel. Howard v. Superior Court*, 88 Wash. 344, 153 Pac. 7, we held that this statute did not authorize a change of venue in a criminal case, because the person accused of crime has a right to a trial by a jury of the county in which the crime is alleged to have been committed, but in civil actions it is plain that the statute applies, and where there is no showing to the effect that the convenience of witnesses requires the case to be tried in the county in which it is brought, then the trial court may exercise its discretion and change the venue, in lieu of calling in another judge, or calling upon the governor for another judge.

The relator, therefore, is not entitled to the writ. The application is denied.

ELLIS, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.