[No. 14729. *En Banc.* May 8, 1918.]

THE STATE OF WASHINGTON, *on the Relation of M. E. Giles et al., Plaintiff,* v. WALTER M. FRENCH, *Judge etc., Respondent.*[1]

JUDGES—AFFIDAVIT OF PREJUDICE—HEARING. Under. Rem. Code, § 209-1, requiring a judge, on filing an affidavit of prejudice, to "forthwith" enter an order for a change of venue, the court may, where an investigation is necessary, continue the cause until such times as the investigation may be properly made.

SAME—DISQUALIFICATION—CALLING IN JUDGE. Under Rem. Code, § 209-1, requiring a judge, upon the filing of an affidavit of prejudice, to change the venue or call in a new judge, his power is not exhausted by a single attempted exercise thereof; but having determined to call in another judge in the court of original jurisdiction he cannot subsequently change the venue to another court.

JUDGMENT—ORDERS—EX PARTE. After appearance by a party, it is error to enter an *ex parte* order, as the statute entitles the parties to notice of all proceedings.

Application filed in the supreme court March 18, 1918, for a writ of mandate to compel the superior court for Kitsap county, French, J., to vacate an order for a change of venue. Granted.

*F. W. Moore, Walter D. Peters,* and *Higgins & Hughes (Hyman Zettler,* of counsel), for relators.

*J. W. Bryan,* for respondent.

FULLERTON, J.—This is an application for a writ of mandamus, directed to the Honorable Walter M. French, as judge of the superior court of Kitsap county, commanding him to vacate an order for a change of venue entered in a cause pending in the court named.

The cause is before us on the application for the writ and the return of the judge thereto. From these we do not find any substantial disagreement as to the facts.

[1]Reported in 172 Pac. 1156.

It appears that, in April, 1917, Marion Garland and Arthur C. McLane, as plaintiffs, began an action against M. E. Giles, Frye & Company, John C. Higgins, Herman Behrens and others, as defendants, to recover in damages, charging a conspiracy on the part of the defendants to ruin the plaintiffs' business. On May 1, 1917, the defendant Giles appeared in the action by counsel and timely filed a motion for a change of judge, accompanying the motion with an affidavit of prejudice against the presiding judge, Walter M. French, in the form prescribed by the code, Rem., § 209-2. The motion was regularly placed upon the motion calendar and noted for hearing at the next regular motion day, namely, May 5, 1917, and on that day was called to the attention of the presiding judge and by him ordered continued. Other defendants thereafter appeared and, together with the defendant Giles, filed motions against the complaint and noted the same for hearing on Saturday, May 19, 1917, a regular motion day of the court. There was then pending in the court another proceeding between the same plaintiffs and the defendant Giles, in which a similar motion and affidavit had been filed by the defendant Giles. Certain preliminary motions had been heard in this proceeding by a judge of King county called in to preside because of the disqualification of Judge French, and the cause had been set down for trial upon its merits for Friday, May 18, 1917, the day prior to the day the motions were noted for hearing in the cause now under consideration.

When it became known that the King county judge would be in attendance in Kitsap county on May 18, 1917, counsel, some of whom resided in King county and had their offices therein, were notified that the visiting judge would hear the pending motions in the present case on that day, notwithstanding the actions

had been noted for hearing on the day following. Counsel on both sides gave heed to the notice and appeared, and on that day presented the motions on their merits to the visiting judge. Rulings were also made by the visiting judge on the same day, and orders made thereon which were duly entered of record by the clerk in the minutes kept by him of the proceedings. Between the date of this hearing and January 15, 1918, other motions were heard by the same judge and orders made thereon. These were heard by the judge sitting in chambers at his office in King county, pursuant to stipulation of counsel that they might be so heard. It appears further, however, that this was merely for the convenience of the judge and of counsel, all of the papers in the proceedings being entitled as of the court in the county where the action was then pending. On the date last given, Judge French, purporting to rule upon the motion made on May 1, 1917, and noticed for hearing five days later, entered an order changing the venue of the action to King county. This order was made without notice to the defendants or to their counsel and without knowledge on their part, the plaintiffs alone being represented at the time. This is the order sought to be vacated by the present proceeding.

The statute prescribing the action of a judge of a superior court against whom prejudice is established by the filing of the affidavit mentioned therein reads in part as follows:

"In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge, to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court." Rem. Code, § 209-1,

This statute, while somewhat imperative in its language, cannot be given, it is plain, a too literal interpretation. As we said in *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40, the spirit and reason of the law must be regarded to the end that there should be no undue interference with the orderly administration of justice; holding that the application must be made timely and is too late if made after hearings have been had or a trial has been entered upon before the judge against whom the charge of prejudice is made. Since, therefore, the statute was to promote and not to interfere with the orderly administration of justice, the command of the statute that the presiding judge "forthwith" do some one of the things therein provided must be construed so as to best accomplish its purpose. In a county where there is only one judge the proper disposition of the case may require an investigation, inconvenient or impossible to make at the time the affidavit is called to the judge's attention, and in such an instance we are clear that the judge may continue the cause until such time as the investigation can be properly made. We are clear, also, that, if the judge decides to let the cause proceed in his own court and call in another judge to hear it, his power is not exhausted by a single attempted exercise of the power. If, for example, another judge is called to try the case and for any reason may be unable to conclude it, the disqualified judge may call in another, and his powers in that respect continue until final judgment is entered. But we think that, when a course is once determined upon, the presiding judge is without power to recall it and determine upon another; that, after he has determined that the cause shall be tried in the court of original jurisdiction and another judge has been called in to hear it, he cannot resume jurisdiction and order the cause transferred to another jurisdiction. If

the power exists it can be exercised in the midst of a trial as well as at another time, and in effect do the very things the statute sought to avoid. This is the effect of our holding in the case of *State ex rel. O'Phelan v. Superior Court*, 88 Wash. 669, 153 Pac. 1078. In that case an affidavit of prejudice had been filed and another judge called to try the cause. Ten days thereafter the presiding judge entered an order changing the venue to another county. This was held to be beyond the powers of the presiding judge. A parallel situation is presented here. Not only had another judge been called in to hear the case, but he had entered orders therein, and was proceeding regularly with the hearings when the order changing the venue was entered.

It is true that here no formal entry was made calling in another judge to hear the cause, and it is true also that the trial judge states in his return that the judge who entered upon the hearing did not do so under his direction. But elsewhere it appears that the presiding judge recognized his own disqualification and had knowledge that another judge was proceeding with the hearings. A formal order calling in another judge was not a jurisdictional requirement. To act or acquiesce was sufficient in this regard, and we think there is no question other than that there was here both action and acquiescence. It follows that the subsequent order changing the venue was beyond the powers of the court.

The order was erroneous for another reason. It was made *ex parte*. The defendants had appeared in the action, and the statute entitled them to notice of all subsequent proceedings.

The writ will issue.

ELLIS, C. J., CHADWICK, MOUNT, MAIN, PARKER, HOLCOMB, and WEBSTER, JJ., concur.