[No. 15758. Department One. September 14, 1920.]

THE STATE OF WASHINGTON, *Appellant,* v. ARTHUR REESE, *Respondent.*[1]

CRIMINAL LAW (29-2)—VENUE—CONSTITUTIONAL PROVISIONS— RIGHT TO TRIAL BY JURY OF VICINAGE. Under Const., art. 1, § 22, granting to accused persons the right to a speedy, public trial by an impartial jury of the county in which the offense is alleged to have been committed, one accused of crime has a right to be tried in the county in which the offense is alleged to have been committed.

SAME. Rem. & Bal. Code, § 2293, making the route traversed by a railway car, train or other public conveyance, and the water traversed by any boat, criminal districts, and providing that the jurisdiction of offenses committed on any such railway car, train or boat, or at any station or depot upon such route, shall be in any county through which such car, train or boat may pass during the trip or voyage, or in which the trip or voyage may begin or terminate, is void as in violation of Const., art. 1, § 22, guaranteeing to the accused the right to be tried in the county in which the offense is alleged to have been committed.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 20, 1919, granting a motion in arrest of judgment, after a trial and conviction of grand larceny. Affirmed.

*Joseph B. Lindsley* and *T. T. Grant,* for appellant.

[1]Reported in 192 Pac. 934.

MAIN, J.—The defendant was charged by information, by the prosecuting attorney of Spokane county, with the crime of grand larceny. The trial resulted in a verdict of guilty. A motion in arrest of judgment was made and sustained. The state appeals.

The information, omitting the formal parts, is as follows:

"That on or about August 31st, 1919, on a railway train of the Northern Pacific Railroad, arriving in, and passing through, Spokane county, Washington, the said defendant, Arthur Reese, whose other or true name is to the prosecuting attorney unknown, then and there being, did then and there, wilfully, unlawfully and feloniously, take, steal and carry away one certain gold watch of the value of $50 and one certain gold bougat watch fob of the value of $50, the property of, and belonging to, Chas. E. Roediger, with the intent to deprive and defraud the owner thereof."

It should be noted that, in this charge, it is not alleged that the offense was committed in Spokane county. Upon the trial it appeared from testimony that the respondent was a porter on the Northern Pacific train leaving Tacoma, Washington, on the evening of the 30th or 31st of August, 1919. The train arrived in Spokane the following morning. Among the passengers on the train was one C. E. Roediger, who occupied a berth in a sleeping car just in front of the car which was in charge of the respondent. Roediger retired about midnight, and at the time the train was near Yakima, Washington. At this time he had in his vest pocket a watch and fob. He awoke near Lind, Washington, and his watch and fob were missing. About a month later the respondent pawned the watch in the city of Spokane. Thereafter he was arrested, with the result as above indicated. The charge in this case is laid under § 2293 of Rem. & Bal. Code, which provides:

"The route traversed by any railway car, coach, train or other public conveyance, and the water traversed by any boat shall be criminal districts; and the jurisdiction of all public offenses committed on any such railway car, coach, train, boat or other public conveyance, or at any station or depot upon such route, shall be in any county through which said car, coach, train, boat or other public conveyance may pass during the trip or voyage, or in which the trip or voyage may begin or terminate."

By this statute, it is attempted to make the route traversed by a railway train a criminal district and to provide that the court in any county through which the train may pass during its trip shall have jurisdiction of any offense committed upon the train, regardless of whether, at the time the crime was committed, the train was in the county where the prosecution is attempted to be had. If this statute is constitutional, the judgment of the superior court cannot be sustained. On the other hand, if the statute is unconstitutional, the trial court ruled correctly on the motion in arrest of judgment. It should be kept in mind that this is not a case where property stolen in one county is carried by the thief into another, and in the latter county is charged with having committed an offense therein. As already pointed out, the information in this case does not charge that the offense was committed in Spokane county. Neither is it a case where an act done in one county contributes to the offense in another. The question is the constitutionality of the law under which the accused was tried and convicted. Const., art. 1, § 22, provides:

"In criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed. . . ."

Under this section of the constitution one accused of crime has a right to be tried in the county in which the offense is alleged to have been committed. It requires no argument to show that the offense, being alleged in a particular county, the proof must show that it was committed in that county. Comparing the provisions of the statute with the requirements of the constitution, it appears that the statute goes beyond the constitutional limitation. Under the statute, the route traversed by a railway train is made a criminal district, and an offender may be prosecuted in any county in such district. Under the constitution, he can only be prosecuted in the county where the offense has been committed. In *State v. Carroll*, 55 Wash. 588, 104 Pac. 814, 133 Am. St. 1047, the court had before it a statute providing that, when property taken by burglary in one county had been brought into another county, the jurisdiction was in either county. It was there held that the statute violated Const., art. 1, § 22, which guaranteed to the accused a right to a trial in the county in which the offense was alleged to have been committed. While that case can hardly be said to be exactly in point upon the question presented upon this appeal, yet the analogy is very close. In Corpus Juris, vol. 16, p. 198, it is said, speaking of statutes such as the one here under consideration, that "by the weight of authority such statutes violate no constitutional provision; but the contrary has also been held." All the cases cited in the notes in support of the texts have been carefully examined and we find but three cases which discuss and decide the exact question. Two of these hold that such statutes are unconstitutional, in that they deny to the accused the right to a trial in the county in which the offense has been committed. One holds that such statutes are constitutional, though

in the latter case there was a dissenting opinion. In *State v. Anderson,* 191 Mo. 134, 90 S. W. 95, the supreme court of the state of Missouri, in a well considered opinion, held that a similar statute was unconstitutional. The question had been before that court at prior times and its earlier decisions were reviewed and adhered to. In *People v. Brock,* 149 Mich. 464, 112 N. W. 1116, the question was before the supreme court of Michigan, and it was there held that such a statute cannot be sustained under a constitutional provision which guarantees to the accused the right to a trial in the county in which the offense has been committed. It was there said:

"It would be a startling innovation should we say that the legislature has power to subject a person charged with crime to prosecution in any one of several counties, covering a strip of territory coextensive with the length or breadth of the state, at the prosecutor's election, and yet that is what this statute authorizes if it is valid. It cannot be said that this offense was in 'contemplation of law' committed in each of said counties, as in a case where property stolen in one county is carried by the thief into another, or possibly where an act done in one county contributes to the commission of the offense in another."

In *Watt v. People,* 126 Ill. 9, 18 N. E. 340, the question was before the supreme court of Illinois and a different conclusion was there reached, though not by a unanimous court. The holding in that case seems to be influenced by the fact that the constitutional provision there being considered was less restrictive than were the similar provisions in either of the two earlier constitutions, and this fact led to the conclusion that it was the intention "to release in some degree the rigid rule formerly prevailing." As already stated, none of the other cases cited in the notes of Corpus

Juris, or in the brief, discuss or decide the question here presented. Under this state of the authorities, we are constrained to disagree with the writer of the text upon where the weight of authority lies. It seems to us that reason and authority both support the view that the statute cannot take away from an accused a right guaranteed by the constitution.

The judgment will be affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.