[No. 18977. Department Two. November 24, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Mrs. C. H. Carpenter, Plaintiff*, v. THE SUPERIOR COURT FOR LEWIS COUNTY, *W. A. Reynolds, Judge, Respondent*.[1]

VENUE (18)—BIAS OF JUDGE—DISQUALIFICATION—CALLING IN JUDGE—TRANSFER OF CAUSE. Upon application for a change of judges on account of bias, under Rem. Comp. Stat., § 209-1, and an election to call in a visiting judge, an order should be made transferring jurisdiction of the cause to such judge, and notice given the parties; and the statute is not satisfied by merely procuring the consent of a visiting judge to hear a certain motion upon a certain day, with verbal notice thereof.

Application filed in the supreme court October 15, 1924, for a writ of mandamus to compel the superior

[1]Reported in 230 Pac. 154.

court for Lewis county, Reynolds, J., to grant a motion
for a change of judges. Granted.

*The Attorney General* and *M. H. Wight, Assistant,*
for respondent.

*Elmer Smith* and *Alexander Mackel,* for appellant.

HOLCOMB, J.—An alternative writ of mandamus was
issued herein directed to respondent, and is before us
on application for a peremptory writ.

On August 9, 1924, an affidavit of prejudice was filed
by Mackel, one of the attorneys for Mrs. Carpenter, in
a proceeding before the department of labor and in-
dustries, industrial insurance division, which had been
appealed to the superior court, of which respondent is
the presiding judge, to disqualify respondent. The
motion and affidavit for change of judge was noted for
hearing on August 18, 1924, at 9:30 o'clock a. m. No
resistance was made to the motion for change of judges,
and the court made the following order, as appears
by journal entry in the cause:

"Mrs. C. M. Carpenter, plaintiff, vs. Department of
Labor and Industries of Washington, defendant.
Cause came on regularly for hearing on motion of
plaintiff for change of judge. A. Mackel appearing for
plaintiff and in support of said motion; defendant not
appearing or being represented by counsel. Case re-
ferred to any visiting judge the court is able to secure,
probably Judge Simpson.

"(Signed) W. A. Reynolds, Judge."

Respondent judge has filed a return to the alterna-
tive writ, setting forth, among other things, that, im-
mediately upon the conclusion of the hearing upon the
motion docket that day, he communicated with Judge
George B. Simpson, superior judge at Vancouver,
Washington, who said he would hear the motion and

15—131 WASH.

other motions at Chehalis on August 21, 1924, in the forenoon; that thereupon respondent at once notified attorney Mackel that Judge Simpson would be present on the morning of August 21, 1924, to hear his motions, and to notify the defendants of the hearings; that, on August 21, 1924, Judge Simpson was present in the court house at Chehalis, ready to hear the motion, and did hear motions in two other cases and tried and determined another case; that neither Mackel nor Smith, the other attorney in the matter, made any appearance; that later in the day of August 21, 1924, respondent saw Mackel in the court room and inquired why he had not appeared to call up his motions to be heard; that Judge Simpson was in the court house ready to consider the same; that Mackel thereupon informed respondent that he had been in the court house but could not find Judge Simpson, and supposed he was not coming, and that he had returned to his office in Centralia; that respondent thereupon informed Mackel that Judge Simpson was in respondents' chambers ready to hear his motions; that available visiting judges were hard to obtain, and that when a judge was obtained it was the business of attorneys to be in attendance and have their cases heard; that Judge Simpson had gone away and respondent was not informed as to whether he had left Chehalis permanently or not, and that respondent did not know when he could again be in Chehalis; that he communicated with Judge Simpson as to whether he could come to Chehalis to hear the matter, and Judge Simpson replied that he was so burdened with business of his own court that he would be unable to fix upon a time when he would be at liberty to come to Chehalis; that no application or request has been made by attorneys for relator to procure any other judge or to obtain a hearing of the cause.

The *Attorney General,* who represents the department of labor and industries and the industrial insurance division thereof, and who represents respondent in this matter, takes the position that the petition should be denied (1) because respondent has not refused to act as required by § 209-1, Rem. Comp. Stat. [P. C. § 8546], and is not in default, but, on the contrary, has fully complied therewith; (2) relief by mandamus is not necessary and would be ineffectual.

It is contended by respondent, first, that he has in effect complied with § 209-1, *supra,* which reads in part as follows:

"In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge, to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court."

It will be observed that the respondent, being disqualified under the statute by the affidavit of prejudice and motion for a change of judge, the timeliness of which is not denied, elected to call in another judge from some other court. We are judicially aware that there is no other department of the same court in Lewis county. Having elected to call in a judge of another court, it was his duty to designate a judge as soon as he was able to find one who would consent to try the case, who would thereafter have jurisdiction over the entire case.

According to the return, the order made is too indefinite. It leaves the case, like Mohammed's coffin, suspended in mid-air. After the designation of a judge to hear and determine the case, the judge so

designated would have jurisdiction in all matters and things pertaining thereto.

Of course, the presiding judge of a county cannot arbitrarily name some other judge of another court to try a case and order him to come at any stated time to take charge of the case. It is necessary for him to secure the consent of some other judge. When the visiting judge has been obtained, an order should be made transferring the case to such judge, and notice given to the parties to the cause, or their attorneys, of the designation and transfer to the visiting judge to take charge of the case. The judge so selected has entire jurisdiction of the cause and can be applied to for any order in any matter by any of the parties or attorneys in the case.

What we have said in the cases cited by respondent; *State ex rel. Dusinberre v. Hunter,* 4 Wash. 651, 30 Pac. 642, 32 Pac. 294; *State ex rel. Bremerton v. Yakey,* 68 Wash. 284, 123 Pac. 13; *State ex rel. O'Phelan v. Superior Court,* 88 Wash. 669, 153 Pac. 1078; *State ex rel. Giles v. French,* 102 Wash. 273, 172 Pac. 1156; in no way militates against these views, which are in the interest of definite and orderly procedure.

The peremptory writ will issue.

Main, C. J., Tolman, Mackintosh, and Fullerton, JJ., concur.