[No. 33574. Department One. February 9, 1956.]

*In the Matter of the Estate of* MARTHA WILLIAMS, *Deceased.* THE STATE OF WASHINGTON, *on the Relation of* H. M. WILLIAMS, *Plaintiff*, v. THE SUPERIOR COURT FOR WHITMAN COUNTY, *John D. Evans, Judge, Respondent.*[1]

[1]Reported in 293 P. (2d) 392.

*Harvey Erickson* and *Frank R. Freeman* (*Henry Felton,* of counsel), for relator.

*Philip H. Faris* and *Don Sheahan,* for respondent.

HAMLEY, C. J.—This is an application for a writ of prohibition to restrain the Honorable John D. Evans, as judge of the superior court for Whitman county, Washington, from functioning in a certain will contest proceeding in disregard of an affidavit of prejudice.

It is undisputed that, prior to the time the affidavit of prejudice was filed and called to Judge Evans' attention, he had granted an oral application by relator's counsel requesting that an out-of-state attorney of Lewiston, Idaho, be associated as an attorney of record. Judge Evans determined that, because of this circumstance, it must be held that the affidavit had not been timely filed and called to his attention, and was therefore without legal effect.

The applicable part of the statute pertaining to affidavits of prejudice (RCW 4.12.050 [*cf.* Rem. Supp. 1941, § 209-2]) reads as follows:

"Such motion and affidavit must be filed and called to the attention of the judge *before he has made any ruling whatsoever in the case,* either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and *before the judge presiding has made any order or ruling involving discretion;* but the arrangement of the calendar, the setting of an action, motion, or proceeding down for hearing for trial, the arraignment of the accused in a criminal action, or the fixing of bail, shall not be construed as a ruling or order involving discretion; and in any event, in counties where there is but one resident judge, the motion and affidavit shall be filed not later than the day on which the case is called to be set for trial." (Italics ours.)

The application to associate an out-of-state attorney was made and granted pursuant to Rule 22, Revised Rules for Admission to Practice (now Rule 7, Rules for Admission to

Practice, 47 Wn. (2d) xxvi). The pertinent part of this rule reads as follows:

"No person shall appear as attorney or counsel in any of the courts of this state, unless he is an active member of the state bar: *Provided,* That a member in good standing of the bar of any other state may, with permission of the court, appear as counsel in the trial of an action or proceeding in association only with an active member of the state bar, who shall be the attorney of record therein and responsible for the conduct thereof.

"Application to appear as such counsel shall be made to the court before whom the action or proceeding in which it is desired to appear as counsel is pending. The application shall be heard by the court after such notice to the adverse parties as the court shall direct; and an order granting or rejecting the application made, and if rejected, the court shall state the reasons therefor."

█ In our view, the granting of permission to an out-of-state lawyer to participate in a case, pursuant to the provisions of Rule 22, is an exercise of discretion within the meaning of the quoted statute. It is none the less so because the rule requires the court, in the event of rejection, to state the reasons therefor.

It is true, as relator argues, that applications to permit out-of-state lawyers to participate in a trial are usually granted as a matter of comity and courtesy. This is particularly so where, as here, the out-of-state lawyer practices in a nearby city of an adjoining state. These circumstances may have a bearing upon the question of whether the rejection of such an application is an abuse of discretion. They do not, in our opinion, change the fundamental character of the judicial action itself, as one involving the exercise of discretion.

█ The granting of such permission in no sense constituted a ruling on any aspect of the merits of the case. The statute, however, relates the timeliness of such filing to "any ruling whatsoever . . . involving discretion," with certain specified exceptions, none of which fits this case. It follows that the question of timeliness is not limited to rulings upon the merits of the case. *State ex rel. Lefebvre v.*

*Clifford,* 65 Wash. 313, 118 Pac. 40. In each of the cases cited below, the prior ruling did not pertain to the merits, and yet we held the filing of the affidavit untimely: *State ex rel. Lefebvre, supra;* and *State v. Maxfield,* 46 Wn. (2d) 822, 285 P. (2d) 887 (requests for continuance); *State ex rel. Farmer v. Bell,* 101 Wash. 133, 172 Pac. 221 (request that case be tried to a jury); and *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 Pac. 628 (request for issuance of process).

In view of what is said above, it is unnecessary for us to decide whether, as the trial court held, the continuance of the hearing from April 22, 1955, to May 20, 1955, because of pending motions and a demurrer, was also an act involving discretion, which rendered the filing of the affidavit untimely. Nor need we consider respondent's additional argument that the entry of an order setting the will contest petition for hearing and directing issuance of a show cause citation involved an act of discretion having similar legal effect.

Judge Evans called in Judge Freese to hear the argument and dispose of certain motions and a demurrer. This might appear to raise the question of whether Judge Evans, having once disqualified himself, could thereafter revoke such disqualification. On that question, see *Garvey v. Skamser,* 69 Wash. 259, 124 Pac. 688; *State ex rel. Giles v. French,* 102 Wash. 273, 172 Pac. 1156; *State ex rel. Carpenter v. Superior Court,* 131 Wash. 448, 230 Pac. 154; 162 A. L. R. 641, annotation.

However, we find nothing in the record to indicate that Judge Evans called in Judge Freese in recognition of the affidavit of prejudice and pursuant to a determination to disqualify himself. Nor was either counsel able to enlighten us on this point at the oral argument, though they agreed that Judge Evans was at the Whitman county seat on the day Judge Freese heard the argument on the motions and demurrer. In any event, we are not disposed to rule against the trial court on a point not advanced in the briefs or oral argument before this court.

The writ is denied.

SCHWELLENBACH, DONWORTH, FINLEY, and OTT, JJ., concur.