[No. 1833-2.    Division Two.    July 23, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN E. GRAHAM, *Petitioner*.

*J. Dean Morgan* of *Clark County Legal Defender,* for petitioner.

*James E. Carty, Prosecuting Attorney,* and *Philip G. Marshall, Deputy,* for respondent.

ARMSTRONG, C.J.—John E. Graham seeks review of a superior court order denying his motion for a dismissal of the charge against him or, in the alternative, for a change of venue. We granted certiorari to review the order. *See Andrews v. Cusin,* 65 Wn.2d 205, 396 P.2d 155 (1964). We are faced with the first impression issue whether RCW

46.65.090,[1] relating to operation of a motor vehicle by a habitual traffic offender, violates article 1, section 22 (amendment 10) of the state constitution by authorizing a criminal offense to be tried in a county other than its place of commission.

As a result of multiple traffic offenses, petitioner was found to be a habitual traffic offender by the Clark County Superior Court on November 15, 1974. His driver's license was accordingly revoked pursuant to RCW 46.65.060. Nonetheless, Graham was stopped on December 6, 1974, while driving a vehicle on the interstate freeway near Kalama, in Cowlitz County. The state trooper charged Graham with driving while the revocation of his license was in effect in violation of RCW 46.65.090.

The charge was filed in the Cowlitz County Justice Court in Kelso, which subsequently transferred the case to Clark County as directed by RCW 46.65.090. Following the filing of an amended information in Clark County Superior Court, the court denied the motion for a dismissal or, alternatively, for a change of venue to Cowlitz County.

Article 1, section 22 of the state constitution provides that an accused shall have the right in a criminal case to be tried in the county "in which the offense is charged to

---

[1]RCW 46.65.090 provides as follows:

"Unlawful operation of motor vehicle by habitual offender—Penalty —Procedure to enforce. It shall be unlawful for any person to operate a motor vehicle in this state while the order of revocation remains in effect. Any person found to be an habitual offender under the provisions of this chapter who is thereafter convicted of operating a motor vehicle in this state while the order of the court prohibiting such operation is in effect shall be guilty of a gross misdemeanor, the punishment for which shall be confinement in the county jail for not more than one year.

"For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit, or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been adjudged an habitual offender and by reason of such judgment is barred from operating a motor vehicle on the highways of this state. If the court determines the accused has been so adjudged *it shall transfer the case to the court of record making such determination for trial.*" (Italics ours.)

have been committed . . ." By the terms of RCW 46.65.090, the charge of driving with one's license revoked due to a determination of habitual traffic offender status is to be tried in the county where the defendant was found to be a habitual offender. Since the county where the finding was made can be a county other than where the unlawful driving is alleged to have occurred, we hold that a portion of the statute violates the constitution.

The State points to RCW 10.25.010, which provided that all criminal actions shall be tried where the offense was committed, "[e]xcept as otherwise specially provided by statute, . . ." This statute was apparently superseded by CrR 5.1('a), providing as follows:

> All actions shall be commenced:
> (1) In the county where the offense was committed.
> (2) In any county wherein an element of the offense was committed or occurred.

The State contends that an offense may be tried in any county wherein an element of the offense occurred, and that this trial may take place in Clark County where, it is argued, an element of the crime did occur, namely, the initial declaration that Graham was a habitual offender.

We disagree. The finding in Clark County was merely a civil determination of habitual offender status. *State v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (1973). In proving the crime of driving while a habitual offender, the task of the prosecution is to establish the continued efficacy of the determination of habitual offender status and ensuing license revocation. The place of the determination is irrelevant. A driver does not commit an element of the crime of driving in violation of habitual offender status at the time he is simply declared a habitual offender.

Our constitution expressly states that a defendant has a right to be tried where the offense is alleged to have been committed. This defendant declined to waive his right and moved for a change of venue to Cowlitz County where he is alleged to have driven unlawfully. RCW 46.65.090 is unconstitutional in attempting to deny him this right.

4

In so holding, we are in accord with the principle enunciated in *State v. Reese*, 112 Wash. 507, 192 P. 934, 11 A.L.R. 1018 (1920) and *State v. Carroll*, 55 Wash. 588, 104 P. 814 (1909), in which statutes authorizing criminal trials in counties other than those of commission of the offense were also found to contravene article 1, section 22. *See State ex rel. Howard v. Superior Court*, 88 Wash. 344, 153 P. 7 (1915).

The first paragraph of RCW 46.65.090 establishes the offense of driving in violation of habitual offender status and provides a maximum penalty. The second paragraph authorizes the unconstitutional change of venue following a prerequisite determination that the defendant is a habitual offender. Because the legislature enacted a severability clause,[2] our decision invalidates only the second paragraph; the first paragraph remains valid and in effect. *See State v. Anderson*, 81 Wn.2d 234, 501 P.2d 184 (1972).

The order is reversed.

PETRIE, J., and COCHRAN, J. Pro Tem., concur.

---

[2]Laws of 1971, 1st Ex. Sess., ch. 284, § 17.