## Ex Parte Slater, *alias* Lane.

**Venue of Indictment**: constitutional law. Under the present constitution, (art. 2, § 12,) an indictment for felony can be found, as at common law, only in the county in which the offense was committed. Section 1804, Revised Statutes, which undertakes to authorize the grand jury of another county, under certain circumstances, to find the indictment is, therefore, unconstitutional and void. A person confined by virtue of a warrant issued upon an indictment found under this section is illegally imprisoned, and will be discharged upon *habeas corpus*.

### *Habeas Corpus.*

#### Prisoner Discharged.

*James Hagerman* for petitioner, argued that the constitution does not permit the finding of an indictment by a grand jury of any county other than that in which the offense is committed, and that section 1804, Revised Statutes, is, therefore, unconstitutional, citing 4 Black. Com., 303, 350; Wharton Crim. Law, 277, 279; 2 Hawk. Pl. Cr., 313, § 34; 1 Starkie Cr. Pl., (2 Ed.) 14; 1 Bish. Cr. Procedure, § 65; *Hughes v. State,* 35 Ala. 351, 362; 2 Story Const., 1784; R. S. 1879, § 1774; *State v. Denton,* 6 Coldw. 539; *Kuh v. State,* 1 Coldw. 344; *Osborne v. State,* 24 Ark.

629 ; *Wheeler v. State*, 24 Wis. 52 ; *Swart v. Kimball*, 11 Cent. Law Jour. 71, Supreme Court of Michigan ; Cooley on Const. Lim., § 320.

*J. L. Smith*, Attorney-General, *contra.*

1. The clause in the constitution drawn in question here is simply a declaration in affirmance of a common law right. The right of trial by an impartial jury of the vicinage or county, was always at common law subject to the right of the court to change the place of trial whenever an impartial jury could not be had where the venue was laid. *Rex v. Cowle*, 2 Burr. 859 ; *Rex v. Harris*, 3 Burr. 1330 ; *People v. Webb*, 1 Hill 179 ; *People v. Bodine*, 7 Hill 147 ; *People v. Vermilyea* 7 Cow. 108, 139 ; Chitty Crim. Law, 201. *State v. Miller*, 15 Minn. 344.

2. The general assembly has provided that offenses shall be punished in the county where committed, except where otherwise provided by law. R. S., § 1689. This is a legislative interpretation of the meaning of section 22, article 2 of the constitution ; that is : That in all criminal cases the indictment shall be presented by a grand jury of the county where the offense was committed, and a trial had therein, except in cases where it is otherwise provided by statute. In the enactment and construction of statutes analogous in principle to section 1804, this interpretation has been sanctioned and upheld by the legislative and judicial departments of the State for very many years. The constitutionality of many of these statutes has never been questioned by the bar of this State, though they have been in the statute book for half a century. It is worth while to refer to the following statutes and adjudicated cases to sustain these conclusions : Section 1647— When property stolen in another state and brought into this State. *State Hemmaker*, 12 Mo. 453 ; *State v. Williams*, 35 Mo. 229 ; *State v. Butler*, 67 Mo. 59. Section 1690—In what county party tried in cases of embezzlement. *State v. Steerman*, 10

Mo. 503. Section 1691—Property stolen in one county taken to another. *State v. Smith*, 66 Mo. 61. Section 1692—Party wounded in one county and dying in another, indicted and tried in either county. *State v. Steerman*, 10 Mo. 503 : 2 Pick. 551. Section 1693—Party wounded in this State, and dying in another, punished as if the death had happened in the county where the injury was inflicted. Section 1694—Converse of section 1693. Section 1695—Offenses on vessels and cars punishable in any county through or in which the same runs. *State v. Steerman*, 10 Mo. 503 ; *State v. Worrell*, 25 Mo. 205. Section 1697—Offenses committed on boundary, or within 500 yards of such boundary, or where the injury done on one side, and the death on the other side of such boundary. Section 1898—In case of doubt as to which county the offense was committed, the court of either in which the indictment is found, shall have jurisdiction. *State v. Grable*, 46 Mo. 350. Section 1858—In case of indictment against a judge, it can be removed to a county in a different circuit upon the order of the prosecuting attorney or any judge of the Supreme Court. Sections 1855, 1856, 1857—Change of venue granted to defendant on his own application. *State v. Mansfield*, 41 Mo. 470.

3. The great object intended to be secured by this constitutional provision, is an " impartial " trial. An impartial trial within the meaning of this provision, means not only a trial without prejudice to the defendant; it means a trial by jury without prejudice toward, or partiality for, either party. If such a trial cannot be had in the county in which the offense is committed, at common law the court was authorized to send the case to some other county where an impartial trial could be had. There is no reason why the courts should not be invested with the same power at the present day. It will not do to say that the defendant may be dragged away from his friends and relatives, and from a people, most of whom are in sympathy with him, and that, therefore, it is violative of

the bill of rights. All that the defendant is entitled to have is a fair and impartial trial, not one by his friends or his relatives, or by people whose feelings are in sympathy with him or with his crime. The State furnishes defendant all necessary witnesses, and the court appoints counsel to assist in his defense if he should be too poor to employ them. So that if the defendant is desirous of an impartial trial, there is not a possibility that his right thereto will be in any manner infringed or abrogated.

NORTON, J.—The petitioner in this case is confined in the jail of Audrain county by virtue of a warrant issued from the circuit court of Scotland county upon an indictment found by the grand jury of Scotland county, charging petitioner with having committed the crime of murder in the county of Clark. The principal and controlling question presented for our consideration by the return made to the writ of *habeas corpus* issued in the case is, whether the grand jury of Scotland county had the power or jurisdiction under the constitution and laws of this State to prefer an indictment charging defendant with committing the crime of murder in Clark county. Section 12, article 2 of the constitution of 1875, provides " that no person shall, for a felony, be proceeded against criminally otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger." Section 22 of the same article provides that " in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel ; to demand the nature and cause of the accusation; to meet the witnesses against him face to face ; to have process to compel the attendance of witnesses in his behalf; and a speedy, public trial by an impartial jury of the county." These constitutional provisions secure to the citizen charged with a felony, first, the right to have the charge preferred by indictment before he can be tried, and,

second, the right after indictment to a speedy public trial by an impartial jury of the county.

The word "indictment," as used in section 12, *supra*, has a well defined meaning, and must be accepted and understood as having been inserted in the constitution with the meaning attached to it at common law. It is thus defined: "An indictment is an accusation at the suit of the king, (or state,) by the oaths of twelve men, (at the least, and not more than twenty-three,) of the same county wherein the offense was committed, returned to inquire of all offenses in general in the county, determinable by the court in which they are returned, and finding a bill brought before them to be true." 5 Bacon Abridgment, p. 48. The common law definition has been modified in this State by section 28, article 2, of the constitution, which declares that hereafter a grand jury shall consist of twelve men, any nine of whom concurring may find an indictment. The above definition of the term indictment is fully warranted by the following authorities: "Every indictment is to be found by twelve lawful, liege freemen of the county where the crime was committed, returned by the proper officer." 5 Bacon Abridgment, p. 52. "The grand jury are sworn *ad inquirendum pro corpore comitatus*, and, therefore, by the common law cannot regularly indict or present any offense which does not arise within the county or precinct for which they are returned, and, therefore, it is a good exception to an indictment that it doth not appear that the offense arose within such county or precinct. An indictment alleging the offense to have been committed in another district than the one in which the bill was found, is insufficient and invalid." 5 Bacon Abridgment, p. 61. "It seems to be generally agreed at this day that by the common law no grand jury can indict any offense whatsoever which doth not arise within the limits of the precincts for which they are returned. And upon this ground it has been resolved to be a fatal exception to an indictment that it doth not appear by it that the offense arose within the

county or riding or other special division or precinct for which the jury that found it was returned. And, *a fortiori*, therefore, it must be a good exception that it expressly appears by the indictment that the offense arose in a county different from that for which the jury was returned." 2 Hawkins' Pleas of the Crown, § 34, p. 313. "According to common law doctrine all crimes are local. In other words, the prosecution for them can be carried on only in the county of their commission. A grand jury cannot inquire concerning them except within such county." § 65 1 Bish. Cr. Pro.

Reading section 12, article 2, of the constitution, in the light of the well understood meaning of the word indictment at common law as modified by section 28, article 2, of the bill of rights, and it would read thus : "No person shall, for a felony, be proceeded against criminally otherwise than by an indictment, that is, otherwise than by an accusation at the suit of the State, by the oath of nine men (at least, and not more than twelve), in the same county wherein the offense was committed, returned to inquire of all offenses, in general, in the county determinable by the court in which they are returned, and finding a bill brought before them to be true."

If this is the true reading of section 12, *supra*, (and we cannot perceive how it is susceptible of any other,) it guarantees to every person the right to be exempt from criminal prosecution for a felony except upon an accusation or indictment preferred by a grand jury of the county where the offense was committed, and as the indictment under which the petitioner is held shows upon its face that it was preferred by a grand jury of Scotland county, and charges the offense not to have been committed in said county, but in Clark county, it necessarily follows that defendant cannot be held in custody under it unless section 1804 of the Revised Statutes is effectual for that purpose and authorizes such a proceeding, as the attorney general contends it does. That section is as follows : "Whenever

a felony has been committed in any county, and the grand jury of the county has considered the matter, and failed to find an indictment against the offender, and the same is certified to the judge of the same circuit from the foreman of the grand jury or the clerk of the circuit court of such county, and the judge of such circuit is satisfied that an impartial grand jury cannot be had in the county where the offense was committed, he shall order the examination of the offense to be had in some county adjacent to the said county, where he believes no such cause exists, but no investigation can be ordered by him, except in one county; and, where an indictment is found in such county, a trial before a petit jury shall be had in the county where found, unless removed on application of the defendant." We are of opinion that this statutory provision is utterly null and void, for the reason that it undertakes to deprive a person of the constitutional right conferred upon him by section 12, *supra*, of the constitution, which section, as we have shown, gives to every person charged with a felony, before he can be tried, the right to have the charge preferred in an indictment found by a grand jury of the county where the offense was committed. While the constitution gives this right to every person, the statute in question takes it away and denies it to some persons. While the constitution declares that a person charged with a felony can only be tried after an accusation has been made upon the oaths of the grand jury of the county where the crime was committed, the statute in question declares, on the contrary, that a person charged with a felony may be tried on an accusation preferred upon the oaths of the grand jury of another and different county than the one where the crime charged was committed. The statute being thus in direct conflict with the constitution, which can in no way be reconciled, must, therefore, fall and be considered as no law.

It may be observed, by way of enforcing the correctness of our conclusion, that this extraordinary statute, conferring upon a judge of the circuit court the dangerous

power (after a grand jury charged with the duty of inquiring into all violations of the criminal law, committed in the county for which they were sworn and empaneled, had ignored a bill), of directing a grand jury of another county to inquire into the same matter, first found lodgment in our laws after the adoption of the constitution of 1865, and before the adoption of the constitution of 1875. At the time of the enactment of the statute, the general assembly had power to enact it under section 12, article 11, of the constitution of 1865, which reads as follows: "The general assembly shall provide by law for the indictment and trial of persons charged with the commission of any felony, in any county other than that in which the offense was committed, whenever, owing to prejudice or any other cause, an impartial grand or petit jury cannot be empaneled in the county in which such offense is committed." The constitution of 1820 contained no such provision as the above, and the incorporation of it in the constitution of 1865 is persuasive, if not conclusive evidence, that the framers of that instrument believed that the general assembly without such power was expressly conferred upon them, could not exercise it. The said clause of the constitution of 1865, which gave sanction to the statute under which it is claimed the indictment in this case was authorized, was not inserted in the constitution of 1875, and being thus abolished, it necessarily abolishes and destroys the statute, which rested solely upon it for support.

The class of authorities to which we have been cited by counsel on behalf of the State, upholding statutes authorizing indictments, when goods are stolen in one county and carried by the thief into another county, to be found in any county into which they may be carried by the taker, in no way conflict with the views herein expressed. Such indictments are upheld on the ground that in such cases the larceny is continuous, and that the taking of the goods stolen in one county into another county involves a new caption in such county, and in all such cases the indict-

ment charges the offense to have been committed in the county where the indictment is found. Our attention has been called to another class of cases which sustains the right of a defendant in a criminal prosecution to have the cause removed, by change of venue, from one county to another after indictment found. These cases are not in point and do not touch the question involved in this case. Our conclusion upon the case made, therefore, is, that as the indictment under which defendant is restrained of his liberty shows upon its face that the grand jury finding it acted without their jurisdiction, defendant is entitled to be discharged, and his discharge and release from his imprisonment is hereby ordered. All the judges concur.