THE STATE v. HATCH, *Appellant*.

1. **Criminal Law : VENUE OF OFFENCE : CONSTITUTION.** The general assembly, under the present constitution, cannot authorize the prosecution of a crime in a county other than the one in which it was committed.

2. ———— : ———— : ———— : LARCENY. The apparent exception to the rule in the case of larceny rests upon considerations peculiar to that crime, since every county into which the goods may be taken constitutes the *locus* of a distinct asportation, forming thereby a new theft.

*Appeal from St. Louis Criminal Court*—HON. G. S. VAN WAGONER, Judge.

REVERSED.

*F. J. Bowman* for appellant.

As the evidence for the state shows, affirmatively and conclusively, that the offence charged was not committed in the city of St. Louis, but at Sedalia, where the defendant resided and used the moneys in question, the indictment was improperly found in the city of St. Louis, and the cause should be here dismissed. *Ex parte Slater*, 72 Mo. 105. There was no evidence to prove the venue as laid, and the judgment should, therefore, be reversed. *State v. Meyer*, 64 Mo. 190; *State v. Miller*, 71 Mo. 89.

*B. G. Boone*, Attorney General, for the state.

The venue in the case was properly laid in the city of St. Louis, Missouri. Although the collections in behalf of J. E. Hayner & Company were made elsewhere in the year 1882 by the defendant, yet they were payable only at the office of the company in the city of St.

Louis, either in person, by letter, or express. This was the only place for accounting, payment, and settlement. The act of defendant when, on October 7, he undertook to make final settlement with Mr. Drury, of the firm of J. E. Hayner & Company, and told him that he had accounted for all collections by him made, concealing the fact of the collections charged in the indictment, and on such misrepresentation obtaining a portion of his compensation, amounts to a felonious and fraudulent conversion of the property in the city of St. Louis, which gives the courts of that city jurisdiction in the case. This has been the uniform English rule on the subject, followed without variation by the American courts. 2 Arch. Cr. Pl. [Waterman's Ed.] 566, note; 1 Bishop Cr. Proc. [3 Ed.] sec. 61; *Queen v. Rogers*, Am. Cr. Rep. [Hawley] 503; s. c., 3 Q. B. Div. 28; *People v. McKinney*, 10 Mich. 54, 101–2; 6 Brit. Crown Cas. 2 Dennison and Peirce, 298; *King v. Taylor*, 3 Bos. & Pull. 595; *Gibbs v. State*, 3 Tenn. [Heisk.] 72; *Rex v. Taylor*, 2 Leach [4 Ed.] 974; *Rex v. Hobson*, 1 East P. C. Add. 24 Russ. & Ry. 63; 1 Starkie Cr. Pl. [2 Ed.] 25; 28. Whatever doubt there has been concerning the venue of a crime composed of three or more elements, each of which was perpetrated in a different jurisdiction; this dispute has been settled by our statute. "Where there is a matter of doubt, in the opinion of the court, in which of two or more counties the offence was committed the court of either in which the indictment was found shall have jurisdiction of the offence." R. S., sec. 1698.

SHERWOOD, J.—I. The defendant was indicted for embezzlement, alleged to have been committed in the city of St. Louis. On the trial he was convicted and now appeals here. The evidence shows very clearly and conclusively that the offence was not committed in the city of St. Louis. This case, therefore, falls within the principle announced in *Ex parte Slater*, 72 Mo. 102,

and in that of *State v. McGraw*, 87 Mo. 161 ; that principle being that, under the present constitution of this state, it does not lie in the power of the legislature to authorize the prosecution of a crime in a county other than that in which it is committed. In the case last cited, it was ruled that so much of section 1691, as authorized the crime of burglary to be punished in any other county than the one in which the offence was committed, was constitutionally invalid. For like reasons, it may now be ruled that section 1698, which authorizes an indictment to be found in either of two or more counties, where it is a matter of doubt, etc., in which one it was committed, and gives the court of the county where the indictment is found jurisdiction of the offence, is likewise obnoxious to constitutional objections. The case of larceny and of the place of its perpetration, rests upon considerations peculiar to that crime, since every county into which the goods may be taken constitutes the *locus* of a distinct asportation, forming thereby a new theft. Such features as these, however, are obviously not possessed by the crime under discussion.

II. And the reception of money by defendant from his employers, after committing the crime of embezzlement elsewhere in the state, and his false assertions in respect to the state of his accounts with his employers, could not change the venue of the offence previously committed. The doctrine of *relation* does not apply in criminal cases. The act of the defendant in obtaining the money in St. Louis from his employers, might certainly fall within the purview of the act in reference to *false pretenses*, but certainly could not amount to the crime of which he has been convicted.

This being the case, we hold that the criminal court had no jurisdiction of the offence charged ; that its proceedings herein were *coram non judice*, and its judgment is hereby reversed and the defendant discharged. All concur.