# Houk v. Starck, Judge.

(Decided Nov. 10, 1933.)

DUDLEY L. CLARKE for petitioner.

STANLEY BRIEL and JAMES R. PARR for respondent.

OPINION BY JUDGE DIETZMAN—Dismissing petition for writ of prohibition.

Charged with a violation of section 2179a-5 of the Kentucky Statutes, which makes it a misdemeanor to obtain food, lodging, or other accommodation at any hotel, inn, boarding house, or house of private entertainment with intent to defraud the keeper thereof and fixes the punishment for such violation by a fine not exceeding $100 or imprisonment not exceeding 30 days, or both, in the discretion of the court or jury trying the case, petitioner was placed on trial in the police court of Louisville, Ky. He demanded a jury trial, which the respondent, the judge of that court, refused, basing his action on the provisions of section 2913 of the Statutes, part of the charter of cities of the first class, of which Louisville is one. So far as pertinent, that section reads:

"Said court [Louisville Police Court] shall have power to impose such fines and penalties as may

be prescribed by the statutes of the state, or by the ordinances of the city, but no imprisonment exceeding fifty days shall be ordered, and no fine exceeding one hundred dollars shall be imposed without the intervention of a jury, unless the right to have a jury is waived by the party to be tried.''

On his trial, the petitioner was found guilty and fined $15 to be worked out in default of payment in the workhouse of the city. Contending that so much of section 2913 as we have quoted is unconstitutional, in that it authorizes a trial without a jury in cases coming within its purview and tried in the police court of cities of the first class, whereas the same case if tried in the magistrate's court, as it might be, would be tried before a jury if the accused so elected, and, further, in that such section deprives an accused of the ancient right to trial by jury, the petitioner brought this action in this court seeking a writ of prohibition to stop the respondent from enforcing his judgment. Petitioner argues that although the respondent was acting within his jurisdiction, he proceeded erroneously when he refused petitioner a trial by jury, and since petitioner has no appeal from the judgment, his sole remedy is by the writ herein asked for.

Conceding arguendo that petitioner's position as to his right to the writ herein sought is sound if the respondent has proceeded erroneously though within his jurisdiction, we are yet met with the question whether the respondent did proceed erroneously, and this turns on whether the statute governing this matter of jury trials in his court be constitutional or not.

As to the first ground urged against its constitutionality, it is true that had the petitioner been tried in a magistrate's court, as well he might had the warrant against him issued out of that tribunal instead of the police court of Louisville, he would, on demand, have been entitled to a jury trial. See section 331 of the Criminal Code of Practice. Yet the fact alone that the accused could have had a jury trial in the magistrate's court does not render the statute authorizing the police court to try him without a jury unconstitutional. In the case of City of Mt. Sterling (erroneously styled ''Newport'' in the Kentucky Reports) v. Holly, 108 Ky. 621, 57 S. W. 491, 492, 22 Ky. Law Rep.

358, it was held that·in so far as police courts of cities of the fourth class were concerned, the provisions of the police courts of all classes of cities except those of the first class (see sections 319 and 322 of the Criminal Code of Practice) were repealed by the charter provisions of fourth-class cities relating to their police courts and that it was, under section 166 of our Constitution, admissible to make a provision as to jury trials in police courts of cities of the fourth class different from that in police courts of other class cities. By a parity of reasoning, it is equally as competent under the cited section of the Constitution to provide for jury trials in cities of the first class differently from such provisions for magistrates' courts.

As to the contention that section 2913 of the Statutes is unconstitutional in that it deprives an accused of the ancient mode of trial by jury guaranteed him by sections 7 and 11 of our Constitution, it is, when applied to the facts of this case, found to be without merit. As said in the Holly Case, supra:

"Nor is the statute unconstitutional on the ground that it denies a jury trial. Section 7 of the constitution provides, 'The ancient mode of trial by jury shall be held sacred and the right thereof remain inviolate;' and, by section 11, the accused 'in prosecutions by indictment or information shall have speedy, public trial by an impartial jury of the vicinage.' The two sections together preserve the ancient mode of trial by jury in criminal cases, and require this trial to be speedy and public. But, when this constitution was adopted, provisions similar to section 319 of the Code of Practice had long been in force in this state, and had been upheld by the uniform current of authority, for the reason that such offenses were not, at common law, required to be tried by a jury. In the note to Flint River Stemboat Co. v. Roberts, 48 Am. Dec. 190, 191, the learned editor says: 'In inferior courts, where the amount involved is trifling, it has always been the practice both in England and in this country, from the earliest colonial times, to dispense with trial by jury. * * * Minor offenses were at the common law, and before the adoption of the state constitutions, tried by magistrates and justices of the peace without jury. To these cases the consti-

tutional provision does not apply.' He then quotes from Chief Justice Redfield in State v. Conlin, 27 Vt. 321, in regard to the constitutional provision guarantying trial by jury, as follows: 'It has not, and was not intended to have, any application to those minor offenses which chiefly concern the regulation of the internal police of the state, and which, for all practical purposes, would be effectually paralyzed by subjecting the proceedings in all cases to the cumbrous detail and heavy machinery of trial by jury of twelve men, to which the article undoubtedly refers. It is vain to affect to believe that the framers of this article did not comprehend how trials in the police courts of the cities and towns of this country and England had for centuries been conducted.' "

The same principle underlies the case of District of Columbia v. Colts, 282 U. S. 63, 51 S. Ct. 52, 75 L. Ed. 177. To this last case as reported in the Lawyer's Edition is appended an exhaustive note bringing together the cases holding whether the offense involved was petty or not. It can scarcely be doubted that the offense involved in the instant case, that of defrauding an innkeeper, fell within the category of petty offenses. Nor is the punishment which may be inflicted for it such as to take it out of that category. In the cases cited in the note to the Colts Case, supra, many of the punishments allowable were no more severe than that allowable in the instant case, and yet the offenses involved were still held to be petty and triable without a jury. And especially is this so in the instant case in the light of section 2922 of the Statutes, providing an appeal from judgments of the police courts of cities of the first class to the circuit court where the fine imposed in the police court is as much as $20 or where in addition to any fine as much as ten days' imprisonment is imposed. In the circuit court, where the case is tried de novo, the accused may have his jury trial if he so demands it.

From the foregoing, it results that the contentions of the petitioner as to the unconstitutionality of section 2913 of the Statutes cannot be upheld, whence it follows that his petition seeking a writ of prohibition must be, and it is hereby, dismissed.

Whole court sitting.