## Kentucky Straight Creek Coal Co. et al. v. Commonwealth ex rel. and four other cases.

March 14, 1947.

W. B. Ardery, Judge.

J. J. Tye, Special Judge.

248

Cleon K. Calvert and Funk, Chancellor & Darnell for appellants.

James P. Hanrahan and William A. Young for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing judgments and granting writ of prohibition.

The above five causes, consolidated pursuant to motion, consist of: (a) Two direct appeals from the Franklin Circuit Court. (b) Two suits involving motions to reinstate a temporary restraining order and grant an injunction, from the Bell Circuit Court, and (c) An action and motion to obtain a Writ of Prohibition against the Judge of the Fourteenth Judicial District.

In February, 1946, the Commonwealth, on relation of the Commonwealth's Attorney of the Fourteenth Judicial District, and the County Attorney for Franklin County, instituted in the Franklin Circuit Court two penal actions against the Kentucky Straight Creek Coal Company, an Alabama corporation; William E. Lewis, Lou Lewis, and Mrs. William E. Lewis. The actions were styled No. 40202 and 40203. In the first action above it is alleged that the corporation had violated KRS 271.055(3), and in the second a violation of KRS 271.385(2) is alleged. In each action it was alleged that the corporation is engaged in the production of bituminous coal in Bell County, Kentucky, and that William E. Lewis and Mrs. William E. Lewis are respectively President and Secretary-Treasurer of the corporation.

Special demurrers questioning the jurisdiction of the Franklin Circuit Court were filed to each of these actions. These demurrers were overruled and judgment was entered in each case against the corporation and Mr. and Mrs. Lewis for $1,000 each, or a total of $3,000

in each case. It appears that the action against Lou Lewis has been discontinued on the ground there is no such person as Lou Lewis in Bell County.

Motion for new trial was entered and overruled. The defendants appeal.

In preparing for and prosecuting the appeal from the above judgments, no supersedeas bond was executed. The Commonwealth caused executions to be issued out of the Franklin Circuit Court to Bell County against the corporation to satisfy the $2,000 rendered against it in the two penal actions. It caused capiases to be issued against Mr. and Mrs. Lewis on judgments amounting to $4,000 against them in the two penal actions. These processes were sent to the Sheriff of Bell County for execution. Straight Creek and Mr. and Mrs. Lewis brought action against the Sheriff of Bell County to prevent the execution of the writs, and therein obtained temporary restraining orders. In each of the suits the Commonwealth intervened and is now a party defendant. It filed a general demurrer to the petition and entered motion to dissolve the temporary restraining orders. The court refused an injunction and dissolved the temporary restraining orders. This action was then brought before us on a motion to reinstate the injunction refused by the Bell Circuit Court. The Commonwealth then procured a rule from the Franklin Circuit Court against Mr. and Mrs. Lewis and their attorney to show cause why they should not be punished for contempt for bringing the injunction suits to restrain the Sheriff of Bell County from executing the writs mentioned above. Whereupon, Mr. and Mrs. Lewis made application for Writ of Prohibition against William B. Ardery as Judge of the Franklin Circuit Court, from proceeding further to punish for contempt of court.

Since the decision herein must depend upon the question of jurisdiction presented by the two direct appeals under (a) above, we shall first dispose of that question.

Appellants take the position that the venue of these actions was in Bell County and not in Franklin County. They insist that the offense complained of is such as consists not in the failure to file the required papers in the office of Secretary of State, but in the carrying on of

business as a corporation in the State without compliance with the statutes. Consequently, a penal action to impose penalties, like all other penal actions, must be prosecuted in the county where the offense was committed. Section 11 of the Criminal Code provides that the proceedings in penal actions, such as these, are regulated by the Code of Practice in civil actions. Section 63 of the Civil Code provides that actions to recover fines or forfeiture must be brought in the county where the cause of action, or some part thereof, arose.

Section 18 of the Criminal Code provides as follows: "The local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held."

The State, subject to constitutional limitations, has the power to prohibit the entry of foreign corporations into this State, or it may attach to the right of entry certain requirements that must be complied with before the corporation may carry on its business in this State. These penal actions grew out of the failure to comply with these prerequisites, in substance as follows:

File and have received in the office of the Secretary of State a copy of its Articles of Incorporation (KRS Sec. 271.055(3).

File in the office of the Secretary of State a designation of the place where the business is to be carried on, where its offices are to be kept, the names and residences of its officers and the name of a person on whom process can be served (KRS Sec. 271.385(2).

But the penalty under KRS 271.990 is for doing business in the State without having first complied with the certain prerequisite provisions of the chapter. Thus, we see the offense consists not in the failure of filing certain papers with the Secretary of State, but in doing business without having first filed them.

In the case of Commonwealth v. Grand Central Building & Loan Ass'n, 97 Ky. 325, 30 S. W. 626, 627, it was held that a penal action to recover a fine for violation of Kentucky Statutes, Section 571, (now KRS 271.-090) must be brought in the county where the corporation conducts its business. In the opinion it is stated: "The circuit courts are the courts of general criminal

jurisdiction, and by section 18 of the Criminal Code it is provided: 'The local jurisdiction of circuit courts and of justices courts shall be of all offenses committed within the respective counties in which they are held.' This we take to mean whether the offense is prosecuted by indictment, or, as in this case, by penal action. Again, by section 11 of the Criminal Code it is provided: 'That a public offense, of which the only punishment is by a fine (as in this case), may be prosecuted by a penal action, in the name of the commonwealth of Kentucky or in the name of an individual or corporation if the whole of such fine be given to such individual or corporation. The proceedings in penal actions are regulated by the code of practice in civil actions.' By turning to the Civil Code, we find section 63 provides 'that actions must be brought in the county where the cause of action or some part thereof arose * * * 1st for the recovery of a fine, penalty, or forfeiture, imposed by statute.' So that, whether we look to the provisions of the Code in proceedings by indictment or by penal prosecution, we find that the county where the offense was committed determines the jurisdiction of the court to try the case."

In Commonwealth v. Bank of Lewisport, 178 Ky. 281, 198 S. W. 760, 762, this question again arose. The action was brought in the Hancock Circuit Court seeking to recover a penalty of $1,000 from the Bank of Lewisport upon the ground that it had been conducting its business in Hancock County without complying with Section 571 Kentucky Statutes. The court, being of the opinion that the offense, if any, had been committed in Franklin County, the county in which the certificate should have been filed, held the Hancock Circuit Court to be without jurisdiction, and dismissed the penal action. In reversing that judgment this court said:

"We cannot, however, concur in the finding of the circuit court that the offense if any, was committed in Franklin county, and not in Hancock county. The offense denounced by the statute does not consist in the failure to file the notice in Frankfort, but in doing business in Hancock county without having filed the notice in Frankfort. This provision of the statute was construed in Commonwealth v. Grand Central Building & Loan Association, 97 Ky. (325) 327, 30 S. W. 626, 17 Ky. Law Rep. 215. In that case the company was in-

dicted and prosecuted in Franklin county for doing business when it had not filed the agency statement, and it was contended by the company that the venue of the case was in Campbell county, where the corporation did business. The commonwealth, however, attempted to sustain the jurisdiction of the Franklin circuit court under section 976 of the Kentucky Statutes, which conferred upon that court jurisdiction of all cases against public debtors and defaulters. This court, however, overruled that contention, and held that the jurisdiction was in the Campbell circuit court, saying:

" 'This provision is almost a literal copy of the former statute under the old Constitution in force in Kentucky for more than forty years, which statute has been commonly referred to as the "fiscal statute," and the Franklin circuit court as the "fiscal court" of the state. But it had never been the practice under that statute, and by reason of same, to claim that it conferred any jurisdiction on that court to try criminal or penal prosecutions, for violations of the Criminal or Penal Code of the state, whether by indictment or by penal action. The Legislature must be presumed to have had knowledge of this uniform construction and practice under the former statute, and not to have contemplated any change by its re-enactment.'

"The rule has been adhered to in Commonwealth v. Remington Typewriter Co., 127 Ky. (177) 184, 105 S. W. 399, 32 Ky. Law Rep. 189, and Commonwealth v. Morrell Refrigerator Car Co., 129 Ky. (738) 743 (112 S. W. 860). The Hancock circuit court, therefore, had jurisdiction of the case."

The allegations in the petition of each of these penal actions show conclusively that the corporation was carrying on business in Bell County, and that its officers resided in Bell County.

The Commonwealth takes the position that there is a duality of offense, and attempts to support its position by insisting that in the cases cited above the court overlooked that part of the Code provision which says "or some part thereof." Section 63 of the Civil Code of Practice provides as follows: "Actions must be brought in the county where the cause of action or some part thereof arose." The Commonwealth insists that the

failure to comply with the sections of the statute above was necessarily a part of the offense, and that since the filing with the Secretary of State was one of the requirements, failure so to do was an offense, and, consequently, a part of the offense arose in Franklin County. By way of illustration the Commonwealth in Brief supposes A stands in Franklin County and fires a pistol across the county line at B who is in Shelby County, and kills B. It is insisted that under such a state of case no one would contend that both Franklin and Shelby Counties did not have concurrent jurisdiction of the supposed crime. The above illustration is not at all analogous to the instant case. This appears to be an attempted rationalization used in defense of a position that cannot be rationally defended. We need only reiterate what has already been said . The offense does not consist in the failure to file, but in doing business without having first complied with the provisions of the statutes with reference thereto. Under our Game and Fish statutes, KRS 150.010 et seq., we have a parallel situation. There, the offense consists not in the failure to buy license but in hunting or fishing without license.

Since appellants operated their business only in Bell County, exclusive jurisdiction lies in that county. The court below should have sustained the special demurrer to jurisdiction. The judgments, therefore, are reversed on the two direct appeals. It logically follows then that the injunctions should have been granted as prayed for by the appellants, and the court below is hereby directed to reinstate same in the cases under (b) above. It likewise follows that appellants are entitled to and are hereby granted the Writ of Prohibition as prayed for in the action in (c) above.