COMMONWEALTH of Kentucky,
Appellant,

v.

CRIDER AND ROGERS, INC. d/b/a
C & R Landfill, and Carroll
Crider, Appellees.

No. 95–SC–710–DG.

Supreme Court of Kentucky.

Aug. 29, 1996.

A.B. Chandler, III, Attorney General, Frankfort, Michael A. Wright, Asst. Attorney General, Frankfort, for Appellant.

James C. Brantley, Stephen D. Lynn, Turner and Brantley, Dawson Springs, for Appellees.

## OPINION OF THE COURT

This Court granted the Commonwealth's motion for discretionary review to consider the constitutionality of KRS 224.99–010(9) to the extent that it provides for "concurrent jurisdiction and venue" in Franklin Circuit Court of criminal actions arising out of various environmental proceedings. The Court of Appeals affirmed the circuit judge's dismissal of the present indictment without prejudice premised upon KY. CONST. § 11's guarantee of "trial by an impartial jury of the vicinage." We also affirm.

In April of 1993, Caldwell County solid waste landfill operators Carroll Crider and Crider and Rogers, Inc. d/b/a C & R Landfill were indicted in Franklin County on 19 counts alleging violations of KRS 224.40–100(2) and KRS 224.40–305, respectively prohibiting operating an open dump without an approved compliance schedule and operating an open dump without first procuring a permit from the Natural Resources and Environmental Protection Cabinet. The counts alleged violations occurring at various times between October of 1990 and September of 1992, with each count alleging "violation of the law" occurring "in Caldwell County, Kentucky." As discovery began, defendants/appellees asserted entitlement to venue in Caldwell Circuit Court under constitutional provisions including KY. CONST. § 11 and despite the portion of the environmental protection penalty provision in KRS 224.99–010(9).

In pertinent part, KY. CONST. § 11 provides as follows: "In all criminal prosecutions the accused ... in prosecutions by indictment ... shall have a speedy public trial by an impartial jury of the vicinage." By comparison, since enactment in 1974 the statutory section in question has read as follows (with minor revisions over the years including renumbering and referring variously to the agency now known as NREPC):

The Franklin Circuit Court shall hold concurrent jurisdiction and venue of all civil, criminal, and injunctive actions instituted by the cabinet or by the Attorney General on its behalf for the enforcement of the provisions of this chapter or the orders and administrative regulations of the cabinet promulgated pursuant thereto.

Citing the definition of "vicinage" as "the county in which the offense charged, or part of it, was committed" in *Woosley v. Commonwealth*, Ky., 293 S.W.2d 625, 626 (1956), the circuit judge rejected the Commonwealth's argument that environmental crime affects all citizens of the Commonwealth. Noting that the same can be said for all criminal activity, the circuit court concluded that "the concurrent criminal jurisdiction provided by KRS 224.99–010(9), is violative of Section 11 in situations where there is no valid connection between the criminal activity and Franklin County."

On appeal, the Commonwealth unsuccessfully sought to persuade the Court of Appeals to the contrary, attempting also to establish a "valid connection" to Franklin County in the form of appellees' repeated failure to file required quarterly monitoring reports with NREPC. In its "not to be published" opinion rendered on July 28, 1995, the Court of Appeals panel rejected the "significant nexus" argument by analogizing to the pre–KRS 224.99–010(9) cases of *Kentucky Straight Creek Coal Co. v. Commonwealth*, 304 Ky. 247, 200 S.W.2d 470 (1947), and *Commonwealth v. Sizemore*, Ky., 488 S.W.2d 685 (1972). On August 15, 1995, the Commonwealth timely moved for this Court's discretionary review. Six days later, outside the time for filing a timely petition for rehearing or modification under CR 76.32, appellees moved the Court of Appeals to pub-

lish its opinion, noting that *Kentucky Straight Creek Coal* did not mention § 11 or analyze a "concurrent venue" statute such as KRS 224.99–010(9). The belated motion to publish, which also accurately noted that the statute in *Sizemore* was upheld because § 11 does not apply to petty offenses, was granted by the appellate panel on September 29, 1995, over a month after the motion for discretionary review had been submitted for this Court's consideration pursuant to CR 76.20(8).

■ Although the Court of Appeals was without jurisdiction to alter the publication status of its opinion after the Commonwealth had invoked this Court's jurisdiction by timely moving for discretionary review *and* after the time also had expired in which any party could petition the Court of Appeals for rehearing or modification pursuant to CR 76.32, we agree on the merits with both courts below that KRS 224.99–010(9) violates KY. CONST. § 11 under these circumstances. Although we find no fault with the Court of Appeals' analogy to the pre–KRS 224.99–010(9) cases of *Sizemore* (which we would note was a plurality decision) and *Kentucky Straight Creek Coal*, we believe that the lack of significant nexus to Franklin County is further reflected in the 19 counts alleging violations of environmental law all occurring "in Caldwell County, Kentucky."

The Franklin Circuit Court order and the Court of Appeals decision are affirmed.

All concur.